Commonwealth *v.* Wilson, Appellant.

Argued November 9, 1964. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

Roger M. Fischer, with him Kahn, D'Ambrosio and Fischer, for appellant, submitted a brief.

W. A. Peiffer, Assistant District Attorney, with him Michael M. Palmisano, Assistant District Attorney, and Edward H. Carney, District Attorney, for Commonwealth, appellee.

OPINION BY ERVIN, J., December 16, 1964:

Pearly Wilson appeals from his conviction and sentence for the crime of assault with intent to ravish.

The evidence was that Mrs. Ann Wisinski parked her automobile in a downtown public parking lot in the City of Erie, Pennsylvania, on September 16, 1960, at about 8:30 p.m. The car was parked under a light. After some shopping she returned to her car at about 9:20 p.m. and got behind the wheel of the car preparatory to starting her homeward journey, when she was confronted by the defendant standing at the door of the car. Thinking that she was about to be robbed, she first offered the defendant her purse, to which he said, "Don't be afraid, I won't hurt you." The defendant then entered the car and forced her to slide over and then took out a switch-blade knife and menaced her with it. When the victim inquired, "What is it you want?", he replied, "Keep your mouth shut or I'll kill you."

The victim offered the defendant her watch and the $30.00 which was in her purse and later even offered him the car. The defendant spurned her offers and, after ordering her again to shut up or face being killed, he then forced her to get down on the floor of the car "and he took hold of my front legs and put them underneath where he sat and pushed them up in the front and I had to lay there, with my head propped against the door on my side." He also wired her wrists together with wire identified as being identical with

wire utilized in the store where the defendant was employed. When Mrs. Wisinski was lying on the floor of the car, her head came into contact with the door of the car and it flew open and Mrs. Wisinski screamed for help. The defendant fled.

Counsel for the appellant argues that it was error for the court below to refuse to continue the case because the defendant had been tried for a similar charge four days before and convicted by jurors from the same general panel as those who served in the present case. The continuance was a matter solely within the discretion of the trial judge. Unless there was an abuse of that discretion, the action of the trial court will be affirmed.

We have examined the record of *Com. v. Pearly Wilson*, No. 99 November Sessions, 1960, which was the earlier case above referred to, and have learned therefrom that the assault in that case took place on September 22, 1960, which was six days after the assault in the present case, and occurred in the same general locality. While the Commonwealth did not attempt to offer evidence of the prior conviction in the present case, we are of the opinion that it would not have been error had such evidence been admitted. It is widely recognized, as an exception to the general rule excluding evidence of crimes other than that charged in the indictment, that evidence of the commission of other similar crimes may be given to show design or plan on the part of a defendant to commit the crime of which he is charged. Evidence of offenses other than the one for which a defendant is on trial is admissible if the prior misconduct tends to show the state of mind of the prisoner upon the act of which he is accused. This is especially true of sex offenses where evidence of a similar prior offense, not too remote, is also admissible because it tends to prove that the accused possessed such an abnormal mental or moral nature as would

likely lead him to commit the offense charged: *Com. v. Kline,* 361 Pa. 434, 443, 444, 65 A. 2d 348; *Com. v. Ransom,* 169 Pa. Superior Ct. 306, 314, 315, 82 A. 2d 547; *Com. v. Boulden,* 179 Pa. Superior Ct. 328, 346, 347, 116 A. 2d 867. Under the facts of this case there was no abuse of discretion by the court below arising from its refusal to continue the case.

It is also argued that there was not sufficient evidence from which the jury could determine that there was an intention to ravish the victim. There is clear evidence as to the assault and we think that the circumstances justified an inference that the defendant intended to ravish the victim. This is a much stronger case than *Com. v. Ransom,* supra, wherein President Judge RHODES, at page 314, said: "The fact that appellant succeeded only in grabbing Miss Morganti's purse does not mean that his violent attack upon her was necessarily devoid of an intention to commit a sexual offense. Although assault is an element of both robbery and rape, the assault upon Miss Morganti was of such severity that it could not reasonably be limited to attempt to rob." The evidence in the present case reveals that the defendant was not primarily interested in robbing his victim because he refused her money and other valuables. His act in tying his victim securely with wire and forcing her to lie upon the floor of the car and his assumption of the position behind the wheel of the car, together with the fact that the place where the car was parked was well lighted, are sufficient to justify an inference that the defendant's intention was to ravish his victim.

Judgment of sentence affirmed.