## Commonwealth v. Fagan

*Robert J. Cassidy*, First Assistant District Attorney, for Commonwealth.

*Thomas A. Young*, Public Defender, for defendant.

GRIFFITH, P. J., May 27, 1966.—Defendant was convicted by a jury of the crime of incestuous fornication on his 18-year-old daughter, which the indictment charged occurred on June 4, 1965.

Defendant filed motions for new trial and in arrest of judgment. At the oral argument on the motions, the motion in arrest of judgment was dropped, as well as the contention that the verdict was against the weight of the evidence.

The question before us is whether a new trial should be awarded on the ground that testimony was admitted concerning an act of sexual intercourse between defendant and the same daughter slightly less than nine

months prior to the act of incestuous fornication with which he was charged in the indictment.

The daughter testified that defendant had sexual intercourse with her on June 4, 1965, and also in the latter part of May 1965, and also that on the night of September 10, 1964, while they were returning to their home from the Cambria County Fair, he turned his automobile off the highway on a side road, stopped the car and had sexual intercourse with her in the automobile. She also testified that after the occurrence in September 1964, defendant fondled her body and put his hands upon her breasts almost daily. These actions were followed in May 1965, by an act of sexual intercourse and again on June 4, 1965, the date charged in the indictment.

Defendant relies upon the case of Commonwealth v. Boulden, 179 Pa. Superior Ct. 328, and contends that it was error to admit evidence of the act of sexual intercourse in September 1964, because it had occurred almost nine months before the act of sexual intercourse for which defendant was convicted. We think the rule in the Boulden case should not be followed here. In that case, defendant was convicted of corrupting the morals of two seven-year-old girls. However, a different girl was permitted to testify as to a single occurrence between her and defendant more than a year before the acts charged in the indictment. Defendant argues that, as in the Boulden case, the testimony as to the prior act of intercourse shows no plan, scheme or design. The facts in our case are quite different. Here, the prior act of intercourse was with the same girl and it was followed by numerous acts of fondling culminating in incestuous intercourse in May of 1965, followed by the act of intercourse with which defendant was charged on June 4, 1965.

In Commonwealth v. Bell, 166 Pa. 405, a father was charged with incestuous fornication, and the court held

that evidence of prior offenses with the same daughter, although committed in a period which would have barred prosecution under the statute of limitations, was admissible. This is in accord with the rule found in 77 A. L. R. 2d 880-81, to the effect that, while there is a difference of opinion as to the admissibility of evidence of incestuous fornication with another person, evidence of incest with the same daughter on a prior occasion is admissible. In the recent case of Commonwealth v. Wilson, 205 Pa. Superior Ct. 36, 38, the court said that, on a trial for assault with intent to ravish, evidence of a prior conviction on a similar charge was admissible ". . . if the prior misconduct tends to show the state of mind of the prisoner upon the act of which he is accused. This is especially true of sex offenses. . . ." Under the facts in this case, the prior act of intercourse between defendant and his daughter, followed by the fondling of her body and then the act of intercourse which led to the indictment, did tend to show the state of mind of the prisoner upon the act charged in the indictment.

It is interesting to note that the footnote in the Boulden case, page 342, decided in 1955, suggests that there were less recidivists among sex offenders than among other offenders, yet the opinion in the Wilson case in 1964 indicates that evidence of prior offenses is more likely to indicate the state of mind of the accused in sex offenses than in other crimes.

Defendant's motions must be dismissed. We, therefore, enter the following:

### DECREE

And now, May 27, 1966, defendant's motions for new trial and in arrest of judgment are dismissed, and defendant is directed to appear for sentence on a date to be determined by the District Attorney of Cambria County.

Concurred in by McDonald, J., and McWilliams, J.