Perley WILSON, Appellant,

v.

Arthur T. PRASSE, Commissioner of Correction, Commonwealth of Pennsylvania, Harrisburg, Pennsylvania, James F. Maroney, Superintendent, Norbert E. Welch, Deputy Superintendent, William C. Schnupp, Notary Public, State Correctional Institution, Pittsburgh, Pennsylvania.

No. 17115.

United States Court of Appeals Third Circuit.

Submitted on Briefs Oct. 10, 1968.

Decided Dec. 16, 1968.

---

Perley Wilson, pro se.

Frank P. Lawley, Deputy Atty. Gen., Harrisburg, Pa. (William C. Sennett, Atty. Gen., Harrisburg, Pa., on the brief), for appellees.

Before McLAUGHLIN, STALEY and VAN DUSEN, Circuit Judges.

## OPINION OF THE COURT

### PER CURIAM.

This case is before the court on appeal by a state prisoner from a District Court order dismissing his action under the Civil Rights Acts (42 U.S.C. §§ 1981–3 and 1985(3)) seeking (1) an injunction to restrain the Commissioner of Corrections and certain prison officials of the State Correctional Institution at Pittsburgh from denying (a) his right to exercise his religious belief, and (b) his right of access to the courts, and (2) actual and punitive damages for such alleged denials of his civil rights.[1]

Insofar as appellant complains of alleged denial of his right of access to the courts, the record shows that the many civil actions instituted by appellant in the federal and state courts supported the conclusion of the District Court that the contention that appellant had been denied access to the courts was frivolous.[2]  See 28 U.S.C. § 1915(d).

The allegations on page 4 of plaintiff's Complaint that he was denied permission to exercise his religious beliefs in any manner, giving specific examples of such denial,[3] state a cause of action under 42 U.S.C. § 1983, of which the District Court had jurisdiction under 28 U.S.C. § 1343.  See Cooper v. Pate,

---

1. The May 18, 1967, order of the U. S. District Court for the Middle District of Pennsylvania (#9792), transferring this action to the U. S. District Court for the Western District of Pennsylvania under 28 U.S.C. § 1404(a), was clearly proper for the reasons stated in the Memorandum filed with that order.

2. The following previous memorandum opinions of the U. S. District Court for the Western District of Pennsylvania, which were attached to the Memorandum of the District Court filed in support of the order appealed from here and had been filed in cases instituted by appellant, refer to many instances in which he has been granted access to the courts, and other such instances are listed in the Memorandum filed by Judge Marsh in this case:

   Memorandum Opinion of Chief Judge Gourley dated 12/9/65 in C.A. 65–749,

   Memorandum Opinion of Judge Willson dated 1/25/66 in C.A. 65–749, and

   Memorandum Opinion of Judge Weber dated 3/2/66 in C.A. 66–249 and C.A. 66–250.

   The following litigation which appellant has been permitted to conduct in this court also shows the inaccuracy of his allegation of denial of access to the court: United States ex rel. Wilson v. Maroney, 395 F.2d 207 (3rd Cir. 1968), Nos. 16289, 16290, Misc.Nos. 133, 161, 164, 262, 266, 297, 318, 338, 339, 523, 524, 578, 606, 644, 704, 705 and 749.  Reference to the state court offense for which appellant is confined is found in Commonwealth v. Wilson, 205 Pa.Super. 36, 205 A.2d 673 (1964).

3. *"Count One:*
     that defendants are denying plaintiff permission to exercise his religious beliefs in any manner, and have continuously deprived plaintiff of such permission * * *.
   *"Count Two:*
     that defendants are denying plaintiff privilege of correspondence with his Spiritual leader, Minister, or Brothers and Sisters of his faith.
   *"Count Three:*
     that defendants are denying plaintiff permission to purchase publications of his faith.

Warden, 378 U.S. 546, 84 S.Ct. 1733, 12 L.Ed.2d 1030 (1964). Under these circumstances, the order of the District Court, dismissing the action, will be vacated and the case will be remanded to the District Court for further proceedings in accordance with this opinion.

"*Count Four:*
that defendants restrict the prison religious program to three major faiths. (None are Islamic)
"*Count Five:*
that defendants force plaintiff to eat foods that are forbidden by his sacred laws.
"*Count Six:*
that defendants actually forced plaintiff to submit to identity under the Catholic faith."

Particularly in view of plaintiff's claim for actual and punitive damages, his transfer from the prison where the alleged denial of rights took place does not make moot these alleged denials of his civil rights. See Pierce v. LaVallee, 293 F.2d 233, 234 (2nd Cir. 1961); Richey v. Wilkins, 335 F.2d 1, 6 (2nd Cir. 1964); cf. Jackson v. Godwin, 400 F.2d 529 (5th Cir. 1968).