**James CONWAY, Appellant,**

v.

**A. L. OLIVER et al., Appellees.**

**No. 23714.**

United States Court of Appeals, Ninth Circuit.

Aug. 20, 1970.

Rehearing Denied Sept. 18, 1970.

James Conway (pro. per.) appellant.

A. Wells Petersen, Deputy Atty. Gen., Sacramento, Cal., for appellees.

Before KOELSCH and TRASK, Circuit Judges, and BYRNE,* District Judge.

* Hon. William M. Byrne, United States District Judge for the Central District of California, sitting by designation.

**1308**

PER CURIAM:

This California state prisoner, James Conway, appeals from the dismissal by the District Court for the Eastern District of California[a] of his action seeking damages under the Civil Rights Act, 42 U.S.C. §§ 1981, 1983 and 1985(3). He specifically alleges that the appellees, prison officials, conspired to separate him from his legal papers for some thirty days and caused him to be transferred from San Quentin to Folsom Prison. He claims that all of this denied him access to the courts. The legal papers were in his cell contained in a manila envelope which also contained "two stabbing instruments."

The district court granted Conway's motion to proceed in forma pauperis, 28 U.S.C. § 1915(a). Summons was served on defendants who moved to dismiss upon the grounds that the complaint failed to state a cause of action upon which relief could be granted, and that the action was "frivolous" and "malicious." 28 U.S.C. § 1915(d).

■■ The plaintiff is entitled to reasonable access to the courts and deprivation of that right is actionable. Stiltner v. Rhay, 322 F.2d 314 (9th Cir. 1963), cert. denied, 376 U.S. 920, 84 S.Ct. 678, 11 L.Ed.2d 615 (1964). It has also been held in another analogous case that the district court may consider its own records for the purpose of determining whether an action brought in forma pauperis must be dismissed, despite the papers being regular on their face, because the action is in fact frivolous or malicious. Williams v. Field, 394 F.2d 329, 331–332 (9th Cir.), cert. denied, 393 U.S. 891, 89 S.Ct. 213, 21 L.Ed.2d 171 (1968).

The district court did examine its records and found:

"1) During, and immediately subsequent to, the time plaintiff alleges he was deprived of reasonable access to the courts the District Court of Appeals for the First District of California received one brief and two written motions from plaintiff; 2) During the time plaintiff alleges that he was deprived of reasonable access to the courts the Supreme Court of the United States received a petition for a writ of habeas corpus as well as a 70 page, well documented, petition for writ of certiorari; and 3) Within the last 3 years, plaintiff has filed three suits in this Court coupled with numerous papers and motions pertaining thereto."

■ Such findings demonstrate conclusively that the plaintiff has not been denied access to the courts, and support the decision of the district court in dismissing the action, having been satisfied that it was and is frivolous and malicious.

Judgment affirmed.