385 A.2d 581

**COMMONWEALTH of Pennsylvania**

v.

**Larry C. SHIVELY, Appellant.**

Superior Court of Pennsylvania.

Submitted March 22, 1977.

Decided April 13, 1978.

Charles J. Tague, Jr., Assistant Public Defender, Williamsport, for appellant.

Allen E. Ertel, District Attorney, Williamsport, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PER CURIAM:

Appellant was convicted in a jury trial of charges of rape, involuntary deviate sexual intercourse, aggravated assault and felonious restraint. Appellant had been incarcerated for three years on a conviction of sodomy. Six days after his release, he allegedly forced a 24 year old girl at knifepoint to accompany him to a deserted area where he allegedly accosted her and raped her. Appellant asserted an alibi defense at trial. The Commonwealth was allowed to introduce the record of appellant's sodomy conviction and also a state trooper was permitted to testify to the underlying facts of that prior conviction.

 We agree with the appellant that the introduction of the prior conviction and underlying facts was error. Evidence of a crime independent of the crime for which the accused is being tried is, as a general rule, inadmissible. *Commonwealth v. Fortune,* 464 Pa. 367, 346 A.2d 783 (1975). The lower court held that the evidence was admissible under *Commonwealth v. Wilson,* 205 Pa.Super. 36, 205 A.2d 673 (1964). *Wilson* involved two cases of sexual assault which occurred in the same general locality within six days of each

other. The court held the evidence of the first offense was admissible in the trial for the second offense stating:

It is widely recognized, as an exception to the general rule excluding evidence of crimes other than that charged in the indictment, that evidence of the commission of other similar crimes may be given to show design or plan on the part of a defendant to commit the crime of which he is charged. Evidence of offenses other than the one for which a defendant is on trial is admissible if the prior misconduct tends to show the state of mind of the prisoner upon the act of which he is accused. This is especially true of sex offenses where evidence of a similar prior offense, *not too remote,* is also admissible because it tends to prove that the accused possessed such an abnormal mental or moral nature as would likely lead him to commit the offense charged. [Emphasis supplied] 205 Pa.Super. at 38, 205 A.2d at 674.

We believe the previous offense is too remote. The fact that appellant had only been released from prison for six days prior to the commission of this offense is not significant.[1] The period that is significant is the 3½ years that elapsed between the two offenses. This is too long a period between two criminal incidents to show a common design or the state of mind of the appellant. The admission of evidence of appellant's prior conviction for sodomy was reversible error.

The judgment of sentence is reversed and the case is remanded for a new trial.

WATKINS, former President Judge, and PRICE and VAN der VOORT, JJ., dissent.

1. Appellant directs our attention to the 7½ month period between the commission of the first crime and when he was incarcerated. He also had several furloughs during that incarceration. While these facts do not decide this case, they do demonstrate that appellant had a much greater opportunity to commit a crime on those previous occasions than just six days.