762 F.2d 1014
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
PEARLY WILSON, PLAINTIFF-APPELLANT,
v.
RICHARD P. SEITER, ET AL., DEFENDANTS-APPELLEES.
 NO. 84-3698
 United States Court of Appeals, Sixth Circuit.
 3/7/85
 
 ORDER
 BEFORE: CONTIE and WELLFORD, Circuit Judges; and PHILLIPS, Senior Circuit Judge.
 
 
 1
 The plaintiff appeals the summary judgment for defendants in this pro se civil rights action. He now moves for the appointment of counsel. That motion was referred to this panel pursuant to Rule 9(a), Rules of the Sixth Circuit.
 
 
 2
 The plaintiff is an inmate at the Hocking Correctional Facility (HCF) in Nelsonville, Ohio. Upon his arrival there from Chillicothe Correctional Institution in May, 1983, he had several boxes of personal property, including legal materials. Following the installation of new cell lockers, HCF authorities issued a directive in September, 1983, limiting the amount of personal property which could be kept in a cell to that which could be kept in the locker or neatly arranged (but not stacked or piled) thereon. The plaintiff's property exceeded that amount. As a result, guards seized the excess property (including legal materials) in October, 1983 and cited the plaintiff for a disciplinary violation. The HCF Superintendent (defendant Russell herein) affirmed the finding of a disciplinary violation, but ordered the excess material (to be chosen by the plaintiff) to be placed in storage at HCF with the plaintiff to be afforded one hour's access thereto each month. The record indicates the plaintiff has since used that opportunity each month to withdraw items from storage and to place other items therein.
 
 
 3
 In the present action, the plaintiff asserted the seizure of legal materials from his cell denied him his constitutional right of access to the courts. He also complained that HCF guards have harassed him in order to discourage, disrupt, or prevent his legal activities. The district court granted summary judgment to the defendants, finding that the legitimate interests of correctional officials in limiting the amount of personal property in cells (without reference to the nature or content of such property) outweighed the plaintiff's claimed right to have immediate and total access to such property in his cell. The court also found the alleged acts of harassment not attributable directly to or encouraged by the named defendants.
 
 
 4
 We find the district court did not err in granting summary judgment to the defendants. The court properly weighed the competing interests of the plaintiff and HCF authorities in finding the latter had a legitimate interest in limiting the amount of property, including legal materials, an inmate could accumulate in his cell. See Lyon v. Farrier, 730 F.2d 525, 527 (8th Cir. 1984); Cruz v. Hauck, 515 F.2d 322, 333 (5th Cir. 1975), cert. denied, 424 U.S. 917 (1976); Gittlemacker v. Prasse, 428 F.2d 1, 6-7 (3rd Cir. 1970); Mahler v. Slattery, 489 F. Supp. 798 (E.D. Va. 1980). The plaintiff failed to show the temporary seizure of the legal materials or the present system of storage and access thereto has hampered his ability to litigate any legal action he has pending. See Tyler v. 'Ron' Deputy Sheriff, etc., 574 F.2d 427 (8th Cir. 1978). Such a claim would be belied by the numerous pleadings he has filed in the immediate case. See Conway v. Oliver, 429 F.2d 1307 (9th Cir. 1970); Wilson v. Prasse, 404 F.2d 1380 (3rd Cir. 1968).
 
 
 5
 Likewise, we find no error in the finding the alleged harassment was not imputable to the named defendants. Finally, we find no merit in the plaintiff's associations that the district court erred in accepting the affidavits submitted by the defendants. Although the copies served on the plaintiff may not have been signed and notarized, the copies found in the record are in proper form and were properly considered by the district court.
 
 
 6
 It is ORDERED that the motion for appointment of counsel be and it hereby is denied.
 
 
 7
 Upon examination of the record and the plaintiff's informal brief, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure. This panel finding the appeal without merit,
 
 
 8
 It is further ORDERED that the district court judgment of August 17, 1984 be and it hereby is affirmed. Rule 9(d)(3), Rules of the Sixth Circuit.