780 F.2d 1024
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
(The decision of the Court is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter.)
ED WAGNER, JR., Plaintiff-Appellant,
v.
JOHN D. REES, ROCKIE CARTER, AND GLEN HABERLIN, Defendants-Appellees.
 85-5637
 United States Court of Appeals, Sixth Circuit.
 11/8/85
 
 AFFIRMED
 W.D.Ky.
 ORDER
 BEFORE: MARTIN, JONES and WELLFORD, Circuit Judges.
 
 
 1
 The plaintiff appeals the judgment in his pro se civil rights action. He now seeks the appointment of counsel. That motion was referred to this panel pursuant to Rule 9(a), Rules of the Sixth Circuit. Although the plaintiff was requested to file an informal brief in support of his motion by August 13, 1985, none has been received.
 
 
 2
 The plaintiff is an inmate at the Kentucky State Reformatory. He filed in this pro se action in February, 1984, against three prison officials. As the action developed through subsequent pleadings and motions, two primary claims emerged:
 
 
 3
 (1) The defendants' seizure and retention of legal materials belonging to the plaintiff denied access to the courts to the plaintiff and other inmates for whom the plaintiff provides legal assistance; and
 
 
 4
 (2) The defendants' pleacement of plaintiff into an isolation cell as a result of a rules infraction amounted to cruel and unusual punishment in that the cell would not accommodate the plaintiff's wheelchair, thereby denying the plaintiff access to basic necessities of life.
 
 
 5
 In response to the plaintiff's assertions and the defendants' denial that they deprived the plaintiff of any constitutional rights, the district court sent a Magistrate to the Reformatory to make reco mendations as to the disposition of the case. The Magistrate heard statements by the plaintiff and defendant Rees, viewed the plaintiff's legal materials in storage, and toured the isolation cell at issue as well as the plaintiff's subsequent living area in the geriatric ward. He then filed findings of fact and recommendations that (1) the plaintiff not be permitted to have more than two cubic feet of legal materials in his cell at one time, as provided under prison regulations, (2) no modifications of the isolation cells be required for plaintiff's wheelchair, and (3) a legal inmate be appointed to assist the plaintiff in sorting through his legal materials still in storage and in working with those materials in pending cases. Although the plaintiff filed objections to some of the findings and recommendations, the district court accepted them in toto and set forth the three recommendations as its judgment. This timely appeal followed.
 
 
 6
 We have examined the record of the proceedings below and conclude the district court did not err in entering judgment. Although the right of access to the courts includes the right of access to materials necessary for the preparation of legal actions, the later right is not absolute and may be outweighed by penological objectives or legitimate goals or policies of the correctional institution. See Patterson v. Mintzes, 717 F.2d 284, 289 (6th Cir. 1983). Prison officials may restrict the accumulation of personal property, including legal materials, in cells in order to maintain security and to prevent health and fire hazards. See, e.g., Lyon v. Farrier, 730 F.2d 525, 527 (8th Cir. 1984); Cruz v. Hauck, 515 F.2d 322, 333 (5th Cir. 1975), cert. denied, 424 U.S. 917 (1976); Gittlemacker v. Prasse, 428 F.2d 1, 6-7 (3rd Cir. 1970); Mahler v. Slattery, 489 F.Supp. 798 (E.D. Va. 1980). Here, the plaintiff was not denied access to his legal materials; he was merely required to have no more than two cubic feet of such materials in his cell at one time. The judgment also provided for a legal inmate to assist the plaintiff in sorting through and obtaining the materials held in storage. The plaintiff's vigorous prosecution of this action also suggests his access to the courts has not been seriously impleded. See Conway v. Oliver, 429 F.2d 1307 (9th Cir. 1970); Wilson v. Prasse, 404 F.2d 1380 (3rd Cir. 1968).
 
 
 7
 Neither did the district court err in denying relief upon the plaintiff's Eighth Amendment claim. The conditions complained of by the plaintiff can rise to cruel and unusual punishment if pervasive in the prison over a period of time. See, e.g., Ruiz v. Estelle, 503 F.Supp. 1265, 1340-46 (S.D. Tex. 1980),aff'd in part and vacated in part, 679 F.2d 1115, amended in part, 688 F.2d 266 (5th Cir. 1982), cert. denied, 460 U.S. 1042 (1983). Here, however, the Magistrate viewed the cells in question and concluded they did create such barriers to a handicapped inmate as to constitute cruel and unusual punishment. It is also noted the plaintiff's incarceration therein was for a relatively short time and that the plaintiff's living quarters at the time of the Migistrate's visit did not present similar problems.
 
 
 8
 Upon consideration of the record and such materials as the plaintiff has presented to this Court, this panel agrees unanimously that oral argument is not needed in this appeal. Rule 34(a), Federal Rules of Appellate Procedure. Therefore,
 
 
 9
 It is ORDERED that the motion for appointment of counsel be and it hereby is denied.
 
 
 10
 It is further ORDERED that the district court's judgment of June 12, 1985, be and it hereby is affirmed. Rule 9(d)(3), Rules of the Sixth Circuit.