Rory D. NITCHER, Appellant,

v.

Bill ARMONTROUT and Dale
Riley, Respondents.

No. WD 41151.

Missouri Court of Appeals,
Western District.

May 23, 1989.

Motion for Rehearing and/or Transfer to
Supreme Court Denied June 27, 1989.

Application to Transfer Denied
Nov. 14, 1989.

Rory D. Nitcher, Jefferson City, pro se.

William L. Webster, Atty. Gen., Michael
R. Whitworth, Asst. Atty. Gen., Jefferson
City, for respondents.

Before TURNAGE, P.J., and CLARK
and FENNER, JJ.

CLARK, Judge.

Rory D. Nitcher, an inmate at the Missouri State Penitentiary, filed this action for declaratory judgment seeking a determination that Missouri Administrative Code Regulation 220.010(2)(A)(1) is invalid. The trial court entered summary judgment against Nitcher and he has appealed.

There are no issues of fact in the case. The Code provision in question reads as follows:

1. Inmates may have their excess personal property stored for a maximum of ninety (90) days. Items not restored to the inmate at the end of ninety (90) days will be mailed to immediate family at the inmate's expense, donated to a charitable organization, or destroyed, at the inmate's option. Such action will be noted on the inmate's personal property inventory, indicating disposition of property and inmate's signature expressing approval.

Nitcher challenges the legality of the above regulation as applied under the following facts.

On November 17, 1986, Nitcher was placed in administrative segregation, a separate unit of the penitentiary. Certain items of personal property, which inmates in the general prison population may have, cannot be retained by inmates in administrative segregation. Nitcher was notified that listed items of his personal property were surplus and would be held in a storage room for ninety days under the rule. The notice also advised that if not claimed within that period of time, they would be donated to charity or destroyed. Nitcher contends the regulation when so applied

violates § 217.200 and 217.285, RSMo 1986.[1]

The Division of Adult Institutions is empowered under § 217.155.2(5) to make and enforce such rules, regulations, orders and findings as it may deem necessary for the proper management of all institutions and persons subject to its control. Unless otherwise foreclosed by the limitation imposed under some other statute, § 217.155.2(5) provides the authority for respondents to enact and implement the code provision to which Nitcher takes exception.

Section 217.200, upon which Nitcher first relies in his challenge to the code, provides generally that the administrative officer of each institution shall take charge of money or property of inmates and return the property to them when they are discharged or otherwise become entitled to receive the property. Nitcher says, with some logic, that if his property is destroyed or donated to charity, he obviously will not receive it back if and when he is discharged from the penitentiary or returned to the general population.

If the regulation were to provide for destruction of an inmate's surplus property after ninety days, there would be cause to question the validity of the regulation. As the regulation quoted above states, however, other options are available to the inmate. He may arrange to have the property mailed to a family member or, as Nitcher's exhibit in this case, the Excess Property Notification states, Nitcher could also arrange to have the property sent out through a visitor. Destruction or loss of the property is only a last recourse when the inmate has made no other disposition possible.

The federal court has ruled that prison administrators are entitled to wide-ranging deference in the adoption and execution of policies needed to preserve internal order and discipline and to maintain institutional security. *Lyon v. Farrier*, 730 F.2d 525, 527 (8th Cir.1984). It is apparent that institutions must have the authority to limit the personal property inmates may possess if security is to be maintained. That power

necessarily leads to problems of disposition of surplus or confiscated goods taken from inmates.

■ Recognizing that space and facilities in all institutions are at a premium, it is unreasonable to expect that an institution be obligated to store for extended periods of time all personal property taken from inmates who, in many cases, may not become entitled to recover the property for years. The regulation at issue here provides an appropriate accommodation between the rights of inmates to their property and the interests of the institution. Moreover, it is the inmate who is responsible for introducing the property into the institution and creating the problem of disposition and it is therefore proper that he bear some responsibility for its removal. We hold, therefore, that the subject regulation is not in conflict with § 217.200 because a means for returning surplus property to an inmate through family members or visitors provides an adequate substitute to avoid confiscation and loss of the property.

The provisions of § 217.285, on which Nitcher also relies, apply to inmates who are discharged or paroled and direct that money or property belonging to the inmate be returned to him on discharge or parole. The subject regulation is compatible with this latter statute for the same reasons previously discussed in connection with Nitcher's first claim made in reference to § 217.200.

■ In his second point, Nitcher argues that the subject rules are, in effect, a penalty of forfeiture imposed on inmates who violate prison rules. This results, he contends, because of the distinction between personal property inmates in the general prison population may possess and the more severe restrictions on those inmates confined in administrative segregation because of misconduct. Under this rule, therefore, an inmate relegated to administrative segregation not only suffers more restrictive confinement, but he also incurs prospective loss of his personal articles.

**1.** All statutory references are to RSMo 1986.

Although this second point presents Nitcher's argument in terms of forfeiture, it is based on the same assumption that the rule will operate to cause a destruction or loss of the inmate's personal property. That event occurs, however, only if the inmate fails to take advantage of opportunities to preserve the property. In the case of an inmate in administrative segregation, as is Nitcher, he need only arrange for some third party to hold the property for him and when he is returned to the general prison population, the rules of the institution allow for the return of the property.

The question which the subject rule addresses is where the responsibility for safekeeping surplus property of inmates should lie. Where an inmate loses institution privileges, including the right to possess certain items of personal property, because of misconduct, it is entirely appropriate that he should have the burden to arrange for the storage of surplus property. Placing that burden on the inmate is not equivalent to imposition of a forfeiture.

The judgment is affirmed.

All concur.