994 F.2d 843
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Herbert O. JENSEN, Appellant,
v.
Richard RAYL; Elaine Little; Tom Powers; Robert Coad;
Patrick Branson; Mary Dasovick; Michael Collin; Stanley
Cadotte; Richard Draeger; Darryl Fischer; Kevin Evenson;
Keith Grabowska; Craig McGarvey; Barbara McGillvary; Brett
Mertz; Mark Molesworth; Michael Olson; Marion Rott; Steve
Scott; Charles Schumacher; Cordell Stromme; Daniel
Wrolstad; Jerome Zalumskis; State Bonding Fund; Michael
Conmy; Terry Hunt; Timothy Schuetzle, Appellees.
 No. 93-1244.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: May 5, 1993.
Filed: May 14, 1993.
 
 Before BOWMAN, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Herbert O. Jensen, a North Dakota inmate, appeals from the District Court's[1] order granting defendants' motion to dismiss with prejudice and denying Jensen's numerous motions in this action under 42 U.S.C. § 1983 (1988). Following the removal of his television, stereo, and personal computer for refusal to sign an "individual performance plan," Jensen sued the warden and numerous prison officials in their individual capacities under state and federal law. Jensen sought declaratory and injunctive relief and damages.
 
 
 2
 After carefully reviewing Jensen's pleadings and construing them in the light most favorable to him, we conclude the removal of Jensen's television, stereo, and computer did not violate his constitutional rights. See Lyon v. Farrier, 730 F.2d 525, 527 (8th Cir. 1984). We reject Jensen's claims that Judge Webb abused his discretion by personally reassigning this case to Judge Benson. See Moody v. Simmons, 858 F.2d 137, 143 (3rd Cir. 1988), cert. denied, 489 U.S. 1078 (1989); United States v. Torbert, 496 F.2d 154, 156-57 (9th Cir.), cert. denied, 419 U.S. 857 (1974). We believe Judge Benson did not abuse his discretion in refusing to impose Rule 11 sanctions against defendants' attorney. See U. S. Dist. Ct. R. 2. We do not review Jensen's new claims because he raised them for the first time on appeal. See Ryder v. Morris, 752 F.2d 327, 332 (8th Cir.), cert. denied, 471 U.S. 1126 (1985). We deny Jensen's "petition for supervisory mandamus" as moot.
 
 
 3
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Paul Benson, Senior United States District Judge for the District of North Dakota