**HAY**

v.

**ORIENT CORRECTIONAL INSTITUTION.**

Court of Claims of Ohio.

No. 97–09474.

Decided April 12, 1999.

*Lucian Hunter Hay,* pro se.

*Betty D. Montgomery,* Attorney General, and *Monique Bradley,* Assistant Attorney General, for defendant.

―――――――

FRED D. GARTIN, Magistrate.

On March 10, 1999, a status conference was held at the Pickaway Correctional Institution. At the conference, the parties argued their respective positions on defendant's September 18, 1998, motion for summary judgment. The magistrate has also considered plaintiff's written response filed on October 6, 1998.

■ Plaintiff Lucian Hunter Hay claims that his state-issued prison clothing is inadequate and that he is afforded inadequate storage space. In accordance with Ohio Adm.Code 5120–9–33, inmates are provided with footlockers measuring 2.4 .cubic feet; · however, plaintiff requests additional storage space. This court will not interfere with the day-to-day operation of the prisons, including how much storage space an inmate is entitled to possess. *Bell v. Wolfish* (1979), 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447. The decision of how much storage space an inmate may have must take into account safety and security concerns, and defendant's decision is entitled to deference. *Lyon v. Farrier* (C.A.8, 1984), 730 F.2d 525. Therefore, the magistrate finds that defendant's motion for summary judgment is well taken on this issue.

■ Plaintiff's second claim is that he is not provided with adequate clothing. Again, this court will not interfere with policy decisions. The color and amount of clothing is also a security issue and defendant's decision is entitled to deference. There are no material facts in dispute as to the clothing that plaintiff is provided, and the magistrate finds that a trial is not necessary to determine whether the clothing provided is adequate. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 662 N.E.2d 264. Plaintiff is provided with three pairs of pants, three short-sleeve · shirts, three pairs of briefs, three T-shirts, three pairs of white socks, one lined jacket, and one pair of boots. Plaintiff's allegation that defendant is violating R.C. 2921.44 by not providing him with adequate clothing is baseless. The magistrate finds that plaintiff is provided with adequate clothing. Plaintiff can layer his clothing, and he has made no allegation that he is forced to work in inclement weather without proper clothing.

■ Plaintiff also alleged that the lack of clothing violates his right under the Eighth Amendment to the United States Constitution prohibiting cruel and unusual punishment. This court does not have jurisdiction over alleged violations

of constitutional rights. *Bleicher v. Univ. of Cincinnati* (1992), 78 Ohio App.3d 302, 604 N.E.2d 783,

Basically, plaintiff challenges defendant's policies, and this court will not interfere with policy decisions. Plaintiff has been provided with adequate clothing but does not believe it is sufficient. Plaintiff's dissatisfaction does not rise to a cause of action against defendant. Therefore, it is the magistrate's decision that the motion for summary judgment be granted and all other pending motions should be OVERRULED. The parties may file objections to this decision pursuant to Civ.R. 53.

*Decision accordingly.*