# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3084

_____

Wayne Nicolaison,

        Appellant,

v.

Frank Milczark; Rick Harry,

        Appellees.

\*
\*
\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   District of Minnesota.
\*
\*     [UNPUBLISHED]
\*

_____

Submitted:  December 24, 2001
Filed:  January 8, 2002

_____

Before BOWMAN, BRIGHT, and LOKEN, Circuit Judges.

_____

PER CURIAM.

Wayne Nicolaison, a detainee civilly committed to the Minnesota Sexual Psychopathic Personality Treatment Center at Moose Lake (Moose Lake), appeals the District Court's[1] adverse grant of summary judgment in his 42 U.S.C. § 1983 action. Nicolaison sued Moose Lake administrators Frank Milczark and Rick Harry, claiming violations of his constitutional rights and certain Minnesota laws, after his personal computer was confiscated for alleged policy breaches.  Having conducted de novo

_____

[1]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota, adopting the report and recommendations of the Honorable John M. Mason, United States Magistrate Judge for the District of Minnesota.

review of the record, see Hott v. Hennepin County, Minn., 260 F.3d 901, 904 (8th Cir. 2001) (standard of review), and analyzing his claims under the Due Process Clause of the Fourteenth Amendment, see Cameron v. Tomes, 990 F.2d 14, 15, 19 (1st Cir. 1993) (explaining that the Fourteenth Amendment requires conditions that do not fall below minimum standards of civilized decency), we affirm.

Contrary to Nicolaison's assertions, the District Court's order adopting the magistrate judge's recommendations was proper, see 28 U.S.C. § 636(b)(1) (1994) (requiring de novo review of record related to objections); and the recent Minnesota Supreme Court case he cites does not mention the propriety of applying behavioral rules to civilly committed detainees, see Hince v. O'Keefe, 632 N.W.2d 577 (Minn. 2001). Further, we agree with the District Court that (1) Nicolaison cannot seek relief in federal court under section 1983 based on alleged violations of Minnesota laws or Moose Lake policies, see Marler v. Mo. State Bd. of Optometry, 102 F.3d 1453, 1457 (8th Cir. 1996) (explaining that simply a violation of state law is insufficient for a claim under § 1983); (2) the Court lacked authority to order defendants to comply with state law, see Treleven v. Univ. of Minn., 73 F.3d 816, 819 & n.4 (8th Cir. 1996); and (3) defendants' alleged actions neither placed Nicolaison in double jeopardy, see Kansas v. Hendricks, 521 U.S. 346, 350, 369-71 (1997) (holding that involuntary commitment as sexually violent predator was not punitive, and thus did not constitute double jeopardy), nor amounted to procedural due process violations, cf. Lyon v. Farrier, 730 F.2d 525, 527 (8th Cir. 1984) (per curiam) (holding that pre-trial detainees' procedural due process rights against property deprivation are not absolute, and are subject to reasonable limitation or retraction based on health and security concerns), or invalid restraints of his First Amendment rights, cf. Mauro v. Arpaio, 188 F.3d 1054, 1058-59 (9th Cir. 1999) (en banc) (concluding that policy prohibiting inmates from possessing material showing frontal nudity was valid restraint on First Amendment rights, in part because it related to legitimate penological interests, i.e., rehabilitating inmates, maintaining jail security, and preventing sexual harassment of female guards), cert. denied, 529 U.S. 1018 (2000).

Accordingly, we affirm.  <u>See</u> 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.