GLD-162                                                      NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1299
_____

DAWN MARIE BALL,
                                        Appellant

v.

C.O. ODEN; C.O. REED; C.O. PINARD; SGT. RAGAR; C.O. WOLFORD; C.O.
GAIR; LT. HUMMEL; C.O. KEEN; C.O. FOULDS; SGT. GRINER; SGT.
CAMPBELL; CAPT. ROBENOLT; LT. GRIDLEY; SGT. WINDER; LT. BLESSING;
LT. SISLEY; TROY EDWARDS; EISWERTH; C.O. SMITH; DEPUTY SMITH; LT.
CRAVER; D. MILLER; REEDING; T. PETERSON; KOLENO; KOPSHINA;
CIPHAM; SUPT. LAMAS; SECY. BEARD; C.O. AIKEY; C.O. ECKROTH; C.O
NOLTE; C.O. BAKER; LT. BARTO
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 09-cv-00847)
District Judge:  Honorable Yvette Kane
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 14, 2011

Before:  AMBRO, CHAGARES and GREENBERG, Circuit Judges

(Opinion filed: April 28, 2011)
_____

OPINION
_____

PER CURIAM

Pro se appellant Dawn Ball appeals the District Court's order dismissing her complaint. We have jurisdiction under 28 U.S.C. § 1291 and review the order under a plenary standard of review. See Gelman v. State Farm Mut. Auto. Ins. Co., 583 F.3d 187, 190 (3d Cir. 2009). As discussed below, we will affirm in part, vacate in part, and remand.

Ball, who was formerly confined at the State Correctional Institution at Muncy, Pennsylvania, has sued over 30 prison employees (collectively, "the Muncy defendants"), as well as Jeffrey Beard, the secretary of the Pennsylvania Department of Corrections, under 42 U.S.C. § 1983. Ball claims that the Muncy defendants wrongly (1) confiscated and destroyed her personal property, (2) searched her cell, (3) prevented her from accessing the courts, and (4) obstructed her right to send out and receive mail. The District Court dismissed all of Ball's claims, concluding that she had failed to state a claim on which relief could be granted. The Court granted Ball permission to amend her complaint as to her access-to-the-courts claim, but Ball did not do so. Therefore, on January 4, 2011, the District Court dismissed Ball's complaint. Ball then filed a timely notice of appeal. She has also requested that the Court appoint counsel to represent her.

We agree with the District Court's disposition of the majority of Ball's claims. As an initial matter, the Eleventh Amendment bars a suit for monetary damages against state officials sued in their official capacities. See Melo v. Hafer, 912 F.2d 628, 635 (3d Cir. 1990). Therefore, Ball's claims that seek money damages from the defendants in their

2

official capacities fail as a matter of law.

Further, although Ball has named as defendants Beard and Marirosa Lamas, the superintendent of Muncy, she has failed to allege that those individuals were personally involved in the alleged misconduct. Instead, she seeks to hold them liable solely on the basis of their supervisory positions. See Compl. at 4, 8. However, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Thus, Ball's claims against these defendants are not viable under § 1983.

We will also affirm the District Court's dismissal of Ball's claims concerning the confiscation or destruction of her property. Deprivation of inmate property by prison officials does not state a cognizable due process claim if the prisoner has an adequate post-deprivation state remedy. See Hudson v. Palmer, 468 U.S. 517, 533 (1984). Adequate remedies were available here: Ball could have filed a state tort action, see id. at 535, or used the prison's grievance process, see Tillman v. Lebanon County Corr., 221 F.3d 410, 422 (3d Cir. 2000).

Likewise, we discern no error in the District Court's analysis of Ball's claim that her prison cell was searched without justification. As the Supreme Court has held, "the Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell." Hudson, 468 U.S. at 526.

Finally, we will affirm the District Court's order dismissing Ball's access-to-the-

3

courts claim. To prevail on such a claim, Ball must show that the denial of access caused actual injury; for instance, that she was prevented from asserting a "nonfrivolous" and "arguable" claim. Christopher v. Harbury, 536 U.S. 403, 415 (2002). Ball has failed to plead such an injury. We note also that Ball has been able to litigate numerous other actions during this time period, which further undercuts her claim. See Wilson v. Prasse, 404 F.2d 1380, 1381 (3d Cir. 1968) ("[T]he many civil actions instituted by appellant in the federal and state courts supported the conclusion of the District Court that the contention that appellant had been denied access to the court was frivolous.").

While we agree with the analysis in the District Court's memorandum, we observe that the Court did not address Ball's allegations that the Muncy defendants interfered with her incoming and outgoing mail. A prison's interference with a prisoner's mail can, in certain circumstances, violate the prisoner's First Amendment rights. See, e.g., Nasir v. Morgan, 350 F.3d 366, 371 (3d Cir. 2003). We will remand for the District Court to determine in the first instance whether the complaint sufficiently states a First Amendment claim, and if not, whether leave to amend should be provided.

Accordingly, we will affirm the District Court's order to the extent that it dismissed Ball's claims (i) for money damages against the defendants in their official capacities, (ii) against Beard and Lamas, (iii) concerning the confiscation and destruction of her property, (iv) concerning cell searches, and (v) concerning her access to the courts. We will vacate the order, however, to the extent that it dismissed Ball's complaint without addressing whether she has stated a First Amendment claim based on the

4

defendants' alleged interference with her mail, and will remand to the District Court for further proceedings consistent with this opinion. We also deny Ball's request for the appointment of counsel. See Tabron v. Grace, 6 F.3d 147, 155-56 (3d Cir. 1993)