Fay Monroe **VAN METER,** Appellant,

v.

**LeRoy MORGAN, Individually and in his official capacity as Sheriff of Calhoun County, et al., Appellees.**

No. 75–1155.

United States Court of Appeals, Eighth Circuit.

Submitted April 17, 1975.

Decided May 20, 1975.

Certiorari Denied Oct. 14, 1975. See 96 S.Ct. 198.

Fay Monroe Van Meter, pro se.
No appearance for appellees.

Before JONES,* Senior Circuit Judge, and HEANEY and BRIGHT, Circuit Judges.

PER CURIAM.

The appellant, Fay Monroe Van Meter, a prisoner in the state penitentiary at Fort Madison, Iowa, sought permission to file a habeas corpus petition and a § 1983 civil rights action under the provisions of 28 U.S.C. § 1915 for proceedings in forma pauperis. He names as defendants the sheriff of Calhoun County, Iowa, and the clerks of court of Calhoun and Webster Counties, alleging, *inter alia*, a conspiracy to deprive him of his rights by revocation of bail bond pending his appeal from a state conviction. He alleges that upon revocation of the bond he was arrested and transferred to the state penitentiary at Fort Madison. He contends that the arrest was illegal and unconstitutional, that he was denied his right to counsel following the arrest, and that the transfer to the

penitentiary was a device to deprive him of his access to the courts. He seeks damages for deprivation of his constitutional rights and, presumably, release from custody.

After reviewing the complaint, the district court authorized it to be filed in forma pauperis and then dismissed it as frivolous. The court explained the dismissal with the following statement:

The Court has examined plaintiff's complaint, which runs just over three pages. The Court feels that it would be fairly familiar with plaintiff's problems even if he had not submitted such a lengthy document, however, for it has recently screened ten such complaints of this plaintiff. All of these complaints have been lengthy documents, setting forth numerous legal contentions. Of the ten complaints, permission to proceed in forma pauperis was denied as to seven of them, and three of the complaints were filed.

One of the filed complaints names Leroy Morgan, a defendant herein, as a defendant. It appears to be based on conduct identical to that asserted herein. While this Court is anxious to assist any petitioner in the prosecution of a meritorious claim, it has no desire to be deluged with redundant, meritless documents.

Because this Court currently has pending a *pro se* complaint which deals with issues directly related, if not identical, to these herein, this complaint must be dismissed as frivolous pursuant to 28 U.S.C. § 1915(d). [Order of Feb. 18, 1975, Civil No. 75–47–2, at 1–2.]

In this appeal Van Meter argues both the merits of his complaint and the propriety of the court's dismissal of the complaint as duplicative of a pending complaint.[1] Because the district court

---

* WARREN L. JONES, Senior Circuit Judge, Fifth Circuit Court of Appeals, sitting by designation.

1. Following filing of an appeal from this dismissal, Van Meter moved in the district court for injunctive relief, naming the warden of the state penitentiary as an additional defendant and alleging approximately the same facts as those alleged in the instant complaint. The court filed the motion on March 17, 1975, but the record does not indicate what, if any, disposition it has made of it. Whether the mo-

did not consider the merits of the complaint, the sole question on appeal is the propriety of the dismissal. Van Meter contends that the dismissal was improper because the instant complaint differs from other complaints that he has filed in the district court. He argues as follows:

> That the complaint is a completely different Nature of complaint and charges than any other of the complaints, which is now on file at present, and also which is two different people and also of one other person, who is conspiring with these people, from * * * another case. Which has no Nature to the other case at present. [Spelling corrected.]

 In reviewing the dismissal of a complaint filed in an in forma pauperis proceeding, we employ an abuse of discretion standard. Forester v. California Adult Authority, 510 F.2d 58, 60–61 (8th Cir. 1975); Cole v. Smith, 344 F.2d 721, 723 (8th Cir. 1965). It is well within the district court's discretion to dismiss a complaint in an in forma pauperis proceeding if it determines that it is frivolous. E. g., Harkins v. Eldredge, 505 F.2d 802, 804 (8th Cir. 1974). Indeed, Congress expressly gives the district court this authority:

> The court * * * may dismiss the case * * * if satisfied that the action is frivolous or malicious. [28 U.S.C. § 1915(d).]

And the court may consult its own records as an aid in determining whether the complaint is frivolous. Day v. Bounds, 509 F.2d 66, 68–69 (4th Cir. 1975); Duhart v. Carlson, 469 F.2d 471, 473 (10th Cir. 1972), cert. denied, 410 U.S. 958, 93 S.Ct. 1431, 35 L.Ed.2d 692 (1973); see Conway v. Oliver, 429 F.2d 1307, 1308 (9th Cir. 1970); Williams v. Field, 394 F.2d 329, 332 (9th Cir.), cert. denied, 393 U.S. 891, 89 S.Ct. 213, 21 L.Ed.2d 171 (1968).

tion is viewed as part of the instant case or as a new action, there is no need to consider it on appeal. If it is viewed as part of this case, it may be disregarded because it was not timely

 It is not disputed that the appellant has filed other similar actions in district court. We must assume that the finding of the district court on redundancy is correct, for the appellant has presented no record to the contrary in this appeal. Accordingly, because Van Meter has not shown that the district court abused its discretion in dismissing this action, we affirm.

filed in the district court, i. e., prior to entry of judgment of dismissal. If it is viewed as a new action, the district court retains jurisdiction over it until entry of judgment.