**Herman Max RUTH**

v.

**FIRST NATIONAL BANK OF NEW JERSEY et al.**

**Civ. No. 76–660.**

United States District Court,
D. New Jersey.

April 8, 1976.

Herman Max Ruth, pro se.

MEMORANDUM

BIUNNO, District Judge.

By order granting leave to do so under 28 U.S.C. § 1915(a), Ruth has been allowed to file a complaint *in forma pauperis*. On review of the complaint, order to show cause and affidavit in support of the complaint, the court is satisfied that the action is frivolous, and so it will be dismissed as authorized by 28 U.S.C. § 1915(d). The reasons for this determination are set out here. The Order to Show Cause with interim restraint, signed by Ruth himself is without force or effect, of course.

The complaint is by Ruth individually, yet the claim is that certain funds credited to the account of International Enterprises, a corporation (said to be a subsidiary of the Universal Children of Peace Church, a non-profit corporation), were misapplied by turnover thereof to the United States by virtue of a seizure alleged to have been made November 12, 1971.

Assuming there is a valid claim against the bank, the right to assert it

belongs to the corporation, not to Ruth individually.

The complaint itself is described as one made under F.R.*Criminal* P., Rule 3, and it asks for issuance of a subpoena [sic] or warrant under Rule 4 of the criminal rules. The claim is that by allowing the seizure of the funds by the United States, the bank and its officers committed a theft or misapplication of funds in violation of 18 U.S.C. § 656 and § 2.

As presented, then, the complaint purports to be a written statement of the essential facts constituting the offense charged, F.R.Crim.P. 3, and as such would need to be sworn to before a U. S. Magistrate (which it is not) for a determination, under F.R.Crim.P. 4, whether it appears that there is probable cause to believe that a criminal offense was committed, and that defendants (the bank, its officers and stockholders) committed it.

■ But that would be a *criminal* proceeding, and while Ruth, like any individual having knowledge of an alleged criminal violation, may present a complaint to a U. S. Magistrate under the criminal rules, that kind of proceeding is outside the scope of 28 U.S.C. § 1915, which deals with civil actions only, and not with criminal actions. He has sent a copy of his papers to the U. S. Attorney, and that office can evaluate whether any criminal charge is involved.

In arriving at its determination, the court has considered all the papers filed by Ruth to see whether, taken all together, they assert a civil claim which could be allowed to be processed under the statute. It has also taken judicial notice of the records of the court, in connection with the indictment, trial and conviction of Ruth in Cr. No. 466–73. See, *Van Meter v. Morgan*, 518 F.2d 366 (CA–8, 1975).

That indictment, in two counts (a third count was dismissed) charged Ruth with conspiracy (18 U.S.C. § 371) and fraud by wire communication (18 U.S.C. § 1343), involving a scheme to obtain $2 million from First National City Bank through First National Bank of New Jersey.

The heart of the charges was that by fraudulent means which included the use of wire communications, Ruth had successfully caused First National City Bank to charge $2 million against the account of Bank of America, and to make a wire transfer of that amount to the First National Bank of New Jersey, Clifton Branch, for credit to the account of International Enterprises, the corporation mentioned above. Ruth then drew checks in the name of International Enterprises in an effort to convert the $2 million to cash, but the scheme was discovered and blocked after some $120,000. had been successfully withdrawn and converted, leaving the balance beyond Ruth's reach.

Trial was before a jury, which found Ruth guilty, and he was sentenced December 13, 1974. On appeal, the conviction was affirmed.

■ Taken in its most favorable light and construing everything together without regard to formalities and technicalities, Ruth's claim amounts to an effort to reap the benefits of the wire fraud of which he was convicted. That conviction is evidential by reason of Fed. Ev.Rule 803(22), and since it involves precisely the same transaction as involved here, there is no way to refute it. And, see, *Van Meter v. Morgan, supra.*

Ruth's position is the converse of the defendant who was charged with chicken stealing, and when *acquitted* asked the court: "Judge, does that mean I can keep the chickens?" Ruth was *convicted* of wire fraud, and now wants to get the chickens that discovery of the scheme put out of his reach.

Pursuant to 28 U.S.C. § 1915(a), it is hereby certified that any appeal taken herefrom is not taken in good faith.