**Richard NASH**

v.

**Clement G. REEDEL et al.**

**Civ. A. No. 79-3494.**

United States District Court,
E. D. Pennsylvania.

Nov. 29, 1979.

See also, D.C., 86 F.R.D. 13.

Richard Nash, pro se.

Michael L. Levy, Philadelphia, Pa., for defendant Delaney.

## OPINION

LUONGO, District Judge.

Plaintiff in this civil rights action is serving a sentence of imprisonment after being convicted of attempted involuntary deviate sexual intercourse against defendant Elizabeth M. Delaney. He alleges that Delaney, the intended victim of his assault, and the other defendants, all members of the Upper Merion Township Police Department, conspired to deprive him of his civil rights by fabricating testimony used to convict him, and he specifically accuses Delaney of committing perjury integral to his conviction at his trial. Delaney moves to dismiss the complaint against her under Rule 12(b)(6).

Delaney argues that the complaint against her should be dismissed because this action is brought under 42 U.S.C. § 1983, which establishes a cause of action for wrongs committed under color of law, and she was not acting under color of law when testifying at Nash's criminal trial. Nash concedes in his complaint that Delaney is a private citizen, employed by a corporation, and that she is not a government official of any kind. He contends however that she was acting under color of state law when testifying at his trial solely by virtue of her status as a witness in a criminal proceeding.

It is well settled that a witness testifying at a trial is not thereby acting under color of law. *Bennett v. Passic,* 545 F.2d 1260 (10th Cir. 1976); *Spires v. Bottorff,* 332 F.2d 179 (7th Cir. 1964), *cert. denied,* 379 U.S. 938, 85 S.Ct. 343, 13 L.Ed.2d 349 (1964), *rehearing denied,* 379 U.S. 985, 85 S.Ct. 675, 13 L.Ed.2d 579 (1965); *Stambler v. Dillon,* 302 F.Supp. 1250, 1255 (S.D.N.Y.1969); *Pritt v. Johnson,* 264 F.Supp. 167 (M.D.Pa. 1967); *Smith v. Jennings,* 148 F.Supp. 641 (W.D.Mich.1957). This rule is so stringent that even when the witness is a judge testifying with respect to a matter over which he presided, the judge is not acting under color of law while testifying. *Bottorff, supra.* Clearly, then, on the facts of this case, Delaney is entitled to have the complaint against her dismissed.

In addition, Delaney is also entitled to dismissal on the ground that a witness testifying at a trial has absolute immunity from civil suit for any statements made as a witness. In *Brawer v. Horowitz,* 535 F.2d 830, 836–37 (3d Cir. 1976), a case almost identical to the instant one, the plaintiff was convicted of a criminal offense and brought a civil rights suit alleging that the prosecutor and witnesses at his trial had conspired to use perjured testimony to convict him. The court adopted the common law rule of witness immunity, and held that a witness at a trial can never be civilly liable for statements made while a witness. *Accord, Blevins v. Ford,* 572 F.2d 1336 (9th Cir. 1978); *Burke v. Miller,* 580 F.2d 108 (4th Cir. 1978). Thus, even if I assume that Nash could prove his improbable allegations, Delaney is entitled to dismissal because she is absolutely immune from liability for her testimony.

As part of her motion to dismiss, Delaney has made a request for counsel fees. Before considering such a request, I will require Delaney to submit a formal motion citing the applicable precedent for her request and setting forth the requisite specific fee information.

Defendant Delaney's Motion to Dismiss the complaint against her will be granted.