**James Dean WATTSON a/k/a Coy Charles Stuehm, and Reginald Trieb, Appellants,**

**v.**

**Allen OLSEN, Al Lick, Edwin F. Zuern and Winston Satran, Appellees.**

**No. 81–1487.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 23, 1981.

Decided Sept. 28, 1981.

James Dean Wattson, pro se.

Reginald Trieb, pro se.

Edwin F. Zuern, Sp. Asst. Atty. Gen., Bismarck, N. D., for appellees.

Before HEANEY, HENLEY and McMILLIAN, Circuit Judges.

PER CURIAM.

Two inmates of the North Dakota Penitentiary brought suit in state court, contending that they had been denied access to the courts because of inadequacies in the prison law library and because of law library rules. The state trial court denied

relief, and the North Dakota Supreme Court affirmed. *Jensen v. Satran,* 303 N.W.2d 568 (N.D.1981). Three weeks after the state supreme court decision, two other inmates of the same institution brought the instant action in federal court. They also complained of law library deficiencies and restrictive rules. They requested leave to proceed in forma pauperis. The district court[1] granted this request, but then dismissed the suit pursuant to 28 U.S.C. § 1915(d). The district court concluded that based upon the documents submitted and the complaint itself, the reasoning of the *Jensen* case applied, and the complaint was frivolous. The prisoners, Wattson and Trieb, bring this timely appeal.

"In reviewing the dismissal of a complaint filed in an in forma pauperis proceeding, we employ an abuse of discretion standard." *Van Meter v. Morgan,* 518 F.2d 366, 368 (8th Cir.), *cert. denied,* 423 U.S. 896, 96 S.Ct. 198, 46 L.Ed.2d 129 (1975).

We conclude that there has been no abuse of discretion in the instant case. Most of the matters mentioned in the complaint were fully and fairly considered in the state court proceedings, and the record in the instant case shows no factual errors on the part of the state court. We agree with that court that the library meets constitutional standards.[2]

We note that some of appellants' claims were not explicitly mentioned in the state court decision. We have carefully considered these claims and find them to be frivolous.

---

1. The Honorable Bruce M. Van Sickle, United States District Judge for the District of North Dakota.

2. The state court found that the library contains the following:
    1. The complete Corpus Juris Secundum with current supplements.
    2. The North Dakota Century Code with current supplements.
    3. The complete United States Code Service with current volumes and supplements.
    4. North Dakota Session Laws from 1969 to the present.
    5. A Raden Law Dictionary.
    6. A two-volume Manual of Criminal Forms by Baily & Rothblatt.

Accordingly, the decision of the district court is affirmed.

7. A Manual of Federal Practice by Shepard.
    8. A complete set of U.S. Supreme Court Reports.
    9. The North Western 2d Reporter from 1966 to the present.
    10. The Federal Supplement Reporter from 1973 to the present.
    11. The Federal Reporter (2d Series) from 1973 to the present.
    12. Recent advance sheets of the Federal Rules Decisions and Pacific 2d Reporter.
    13. Some unbound Shepard's for the Federal Reporters and North Western 2d Reporter.
*Jensen v. Satran,* 303 N.W.2d 568, 569 (N.D. 1981).