**Charles R. WARREN, Plaintiff,**

v.

**Charles APPLEBAUM, Defendant.**

**No. CV-81-0327.**

United States District Court,
E. D. New York.

Nov. 25, 1981.

Charles R. Warren, pro se.

Nathan Breslauer, Levittown, N. Y., for defendant.

## MEMORANDUM AND ORDER

WEINSTEIN, Chief Judge:

Plaintiff was convicted in the State of New York, County of Kings, of the felony of armed robbery of defendant, a key witness at the criminal trial. In this action plaintiff, alleging that defendant committed perjury and suppressed exculpatory statements, seeks damages for violation of the constitutional right to due process of law. Defendant moves to dismiss.

### I. Lack of merit

#### A. Substantive law

■ Civil rights suits against witnesses for alleged perjured testimony have consistently been held deficient on two grounds. First, witnesses at trial are not acting under color of state law, and as a consequence, their false testimony cannot give rise to a cause of action under Section 1983. *See, e. g., Nash v. Reedel*, 86 F.R.D. 12 (D.C.Pa. 1979); *Smith v. Sinclair*, 424 F.Supp. 1108, 1113 (W.D.Okl.1976); *Stambler v. Dillon*, 302 F.Supp. 1250 (S.D.N.Y.1969). Second, witnesses at a criminal trial are immune from suits under the Civil Rights Act for statements made as witnesses. *See, e. g., Myers v. Bull*, 599 F.2d 863 (8th Cir.), *cert. denied*, 444 U.S. 901, 100 S.Ct. 213, 62 L.Ed.2d 138 (1979); *Blevins v. Ford*, 572 F.2d 1336, 1338 (9th Cir. 1978); *O'Connor v. State of Nevada*, 507 F.Supp. 546, 548 (D.Nev.1981). "If the rule were otherwise, any disgruntled litigant who lost his case in the state court could get a retrial in federal court by alleging that his opponent gave a false account of the controversy." *Hurlburt v. Graham*, 323 F.2d 723, 725 (6th Cir. 1963).

#### B. Evidence

Since adoption of the Federal Rules of Evidence there is another reason why a litigant such as this plaintiff who simply seeks to place his credibility in opposition to the defendant's cannot win on his unsupported complaint. The state jury, trial judge and appellate courts have already in effect determined beyond a reasonable doubt that the victim was telling the truth. Under a hearsay exception this is evidence sufficient under the circumstances of this case to warrant summary judgment on the facts even were the substantive law not clearly dispositive.

■ Rule 803(22) of the Federal Rules of Evidence provides that the following is not excluded by the hearsay rule even though declarant is available as a witness:

"Evidence of a final judgment, entered after a trial ... adjudging a person guilty of a crime punishable by ... imprisonment in excess of one year, to prove any fact essential to sustain the judgment...."

While credibility of the chief prosecution witness is not in theory "essential to sustain the judgment" of conviction in the state criminal trial, it is essential in practical

effect. Were the present case tried, therefore, the prior conviction would be admissible as an exception to the hearsay rule, strongly negativing plaintiff's present claims of perjury by the defendant.

The function of Rule 803(22) is evidentiary. It operates to admit prior convictions but it does not by itself insulate that evidence from rebuttal. *Lloyd v. American Export Lines, Inc.*, 580 F.2d 1179, 1190 (3rd Cir. 1978), *cert. denied*, 439 U.S. 969, 99 S.Ct. 461, 58 L.Ed.2d 428 (1979); *Semler v. Psychiatric Institute of Washington, D.C.*, 538 F.2d 121, 127 (4th Cir.), *cert. denied* sub nom. *Folliard v. Semler*, 429 U.S. 827, 97 S.Ct. 83, 50 L.Ed.2d 90 (1976). Thus, it must be distinguished from doctrines of collateral estoppel applied as a matter of policy, particularly in actions in which convicted criminals attempt to reap the benefit of their own wrongs or to avoid responsibility for them. *See, e. g., Hardin v. Aetna Casualty & Surety Co.*, 384 F.2d 718, 719 (5th Cir. 1967), *cert. denied*, 391 U.S. 971, 88 S.Ct. 2047, 20 L.Ed.2d 886 (1968); *United States Fidelity & Guaranty Co. v. Moore*, 306 F.Supp. 1088, 1094 (N.D.Miss.1969); *S. T. Grand Inc. v. City of New York*, 32 N.Y.2d 300, 344 N.Y.S.2d 938, 941, 298 N.E.2d 105 (1973); *Eagle Star British Dominions Ins. Co. v. Heller*, 140 Va. 82, 111, 140 S.E. 314, 323 (1927). Nevertheless, the effect of Rule 803(22) is to provide evidence of such overpowering probative force in the context of a case such as the one before us as to be, in effect, conclusive; "there is no way to refute it." *Ruth v. First National Bank of New Jersey*, 410 F.Supp. 1233, 1234 (D.N.J.1976). *See also Singleton v. City of New York*, 632 F.2d 785, 205 (2d Cir. 1980) (dissent); *State v. Dawson*, 91 N.M. 70, 570 P.2d 608, 610 (N.M.Ct.App., 1977).

We long ago abandoned the thirteenth century practice of trying a jury of twelve by process of attaint before a jury of 24. F. Pollock & W. Maitland, II *History of English Law*, 623, 665 (1968). To permit a civil jury to consider a claim of lack of credibility already plainly disposed of by a criminal verdict would effectively be to attaint a jury of twelve by a jury of six.

Plaintiff's allegations may, of course, be correct. We can never be sure that a conviction based on eyewitness identification is not the product of mistake, malice, duress or venality. *See* E. Borchard, *Convicting the Innocent*, (1970); E. Loftus, *Eyewitness Testimony*, reviewed and literature collected, 81 *Colum.L.Rev.* 441 (1981). Such errors, however, must be corrected by the state judicial system or the pardoning power of the governor. So long as the state afforded plaintiff due process of law, collateral attack through an expanded version of the writ of error coram nobis does not lie. *Cf.* Fuld, "The Writ of Error Coram Nobis," *N.Y.L.J.* June 5, 6 and 7, 1947.

Here the criminal jury in essence found beyond a reasonable doubt that defendant told the truth, since without his testimony there could have been no conviction. Plaintiff points to no evidence that was not available in the criminal case. While, in other cases, evidence admitted pursuant to Rule 803(22) "may leave a jury with the evidence of conviction but without the means to evaluate it" (Advisory Committee Notes to Rule 803(22)), in this case the evidence would have to be given dispositive effect on the credibility issue. In effect, there would be no issue for the new jury and a directed verdict for defendant would be warranted.

II. Fees

Cases like the one at bar are offensive to the interests of justice not only because they are aimed at a retrial of issues already decided in another forum, but also because they place the financial burden of retrying the state's case on individual witnesses in their private capacities. The burdens facing witnesses in criminal cases are already substantial. They are subjected to the inconvenience of interrogations and repeated court appearances, the embarrassment of public cross examination, and, in some cases, the fear of physical retaliation. As a consequence, the reluctance of witnesses to testify is one of the great impediments to the effective administration of criminal justice. Repeatedly in this jurisdiction wit-

nesses who observe crimes walk away because they do not wish to become involved in criminal prosecutions. Victims often fail to report crimes for the same reason.

To permit criminal defendants to further burden witnesses by compelling them to retain attorneys for the defense of groundless civil rights suits would violate public policy in favor of encouraging witnesses and victims to cooperate with law enforcement officers. Under these circumstances, suits of this sort are not merely frivolous, but vexatious as well. Simply dismissing them will not adequately protect the interests of justice.

■ Under Section 1988 of Title 42 as amended, attorney's fees may be awarded to the prevailing party in civil rights litigation at the discretion of this court. While the principle function of this statutory provision is the encouragement of litigation vindicating constitutional rights, it may redound to plaintiff's detriment "if the action is vexatious and frivolous, or if the plaintiff has instituted it solely to 'harass or embarrass' the defendant." *H.R.Rep.No.* 1558, 94th Cong., 2d Sess. 6–7 (1976). *See also Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978) ("groundless or without foundation"). Under this standard, fees may be awarded to defendants. *See, e. g., Faraci v. Hickey-Freeman Co., Inc.*, 607 F.2d 1025 (2d Cir. 1979); *Carrion v. Yeshiva University*, 535 F.2d 722 (2d Cir. 1976); *Kane v. City of New York*, 468 F.Supp. 586 (S.D.N.Y.1979), aff'd, 614 F.2d 1288 (2d Cir. 1980). *See generally* Note, "Promoting the Vindication of Civil Rights through the Attorney's Fees Awards Act," 80 *Colum.L.Rev.* 346 (1980).

■ Normally, a court will not grant attorney's fees against prisoners appearing *pro se* in civil rights actions because of its disinclination to discourage such plaintiffs from exercising their constitutional rights. Civil rights actions against witnesses, however, vex not only individual defendants but also the entire criminal justice system. As a result, such suits more than meet the *Christiansburg Garment* standard for an award of attorney's fees to a defendant.

In this case, based on the amount of time expended and the experience of defense counsel, an award of $2,500.00 would be reasonable. Considering, however, the lack of funds of plaintiff, an award of only $500.00 is proper.

### Conclusion

The motion to dismiss is granted. Defendant is awarded attorney's fees of $500.00, without costs or disbursements.