948 F.2d 1293
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Joseph S. HALL, Plaintiff/Appellant,
v.
SHASTA COUNTY SHERIFF'S DEPT., et al, Defendants/Appellees.
 No. 88-15522.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 7, 1991.*
Decided Dec. 3, 1991.
 
 1
 Before PREGERSON and O'SCANNLAIN, Circuit Judges, and BURNS,** Senior District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Joseph Hall appeals pro se the dismissal of his petition for relief under 42 U.S.C. § 1983. We have jurisdiction pursuant to 28 U.S.C. § 1291.
 
 Background
 
 4
 On December 8, 1986, Mr. Hall filed an action in the United States District Court for the Eastern District of California, Case No. CV-S-86-1430, seeking relief under § 1983 for virtually the same claims[1] presented in the current action against a number of defendants including respondents. On December 7, 1987, the Honorable John F. Moulds, Magistrate Judge, found that Mr. Hall failed to show defendants Shasta General Hospital and Dr. Walayat Saeed were acting under color of state law and, in addition, Mr. Hall's claims against these defendants lacked arguable substance in law or fact. Magistrate Judge Moulds recommended the court grant the motions to dismiss filed by Shasta General Hospital and Dr. Saeed.
 
 
 5
 Magistrate Judge Moulds also took judicial notice of the status of defendants David Cross and Judge Letton as prosecutor and judge respectively. Based on the status of each of these defendants, the magistrate recommended their motions to dismiss should be granted.
 
 
 6
 On April 5, 1988, after review de novo, the district court adopted the magistrate's findings and recommendations in full and granted the motions to dismiss of Shasta General Hospital, Dr. Saeed, David Cross, and Judge Letton.
 
 
 7
 On August 2, 1988, Mr. Hall filed another action, Case No. CV-S-88-964-MLS, restating the claims for relief under § 1983 that were brought before the district court in Case No. CV-S-86-1430 against the same defendants; Mr. Hall's appeal arises from dismissal of this second action.
 
 
 8
 In his findings and recommendations, Magistrate Judge Moulds concluded that Mr. Hall's claims should be dismissed sua sponte on the grounds that certain claims were barred by res judicata and certain claims were frivolous pursuant to 28 U.S.C. § 1915(d). The magistrate judge based his recommendation on the fact that the claims against defendants Shasta General Hospital, Dr. Saeed, David Cross, and Judge Letton were previously adjudicated in Case No. CV-S-86-1430 and the claims against the remaining defendants were still pending before the district court. After a de novo review of same, the magistrate's findings and recommendations were adopted in full by Judge Schwartz on October 4, 1988.
 
 Standard of Review
 
 9
 We review de novo the district court's ruling on the applicability of res judicata as to both claim and issue preclusion. Guild Wineries and Distilleries v. Whitehall Co., 853 F.2d 755, 758 (9th Cir.1988). We review de novo the court's dismissal of certain claims against certain respondents as frivolous. Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.1989).
 
 Res Judicata
 
 10
 Under the doctrine of res judicata, a final judgment precludes a party from relitigating the same cause of action against the same parties. Montana v. United States, 440 U.S. 147, 153 (1979); American Triticale, Inc. v. Nytco Services, Inc., 664 F.2d 1136, 1146-47 (9th Cir.1982). Fed.R.Civ.P. 41(b) provides that "a dismissal ... other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits" unless otherwise specified in the court order.
 
 
 11
 Mr. Hall's claims in this action are virtually identical to the claims set forth in Case No. CV-S-86-1430. There was a final judgment on the merits in Case No. CV-S-86-1430 as to respondents Dr. Saeed, Shasta General Hospital, David Cross, and Judge Letton; Mr. Hall is, therefore, foreclosed from relitigating the same issues previously adjudicated against these parties. The district court's dismissal of Mr. Hall's claims against respondents Dr. Saeed, Shasta General Hospital, David Cross, and Judge Letton was, therefore, proper.
 
 Redundant Litigation
 
 12
 "[A] court may dismiss [an action] if the plaintiff's claims are redundant ... because of previous litigation." Hernandez v. Denton, 861 F.2d 1421, 1426 (9th Cir.1988), vacated on other grounds, 110 S.Ct. 37 (1989); 28 U.S.C. § 1915(d). See also Tripati v. First Nat'l Bank & Trust, 821 F.2d 1368, 1370 (9th Cir.1987); Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir.1988); Van Meter v. Morgan, 518 F.2d 366, 367-68 (8th Cir.1975). The district court may review its records to determine whether a plaintiff's claims are redundant. Stiltner v. Rhay, 322 F.2d 314, 316 (9th Cir.1963), cert. denied, 376 U.S. 920 (1964).
 
 
 13
 At the time Mr. Hall brought this action against the remaining respondents, he had another action pending in the district court against these respondents and their privies, Case No. CV-S-86-1430; therefore, this action is redundant. The district court's dismissal of Mr. Hall's claims against the remaining respondents as frivolous pursuant to 28 U.S.C. § 1915(d) was proper.
 
 
 14
 Based on the foregoing, the district court properly dismissed this action.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 The Honorable James M. Burns, Senior District Judge for the District of Oregon, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Mr. Hall's claims focused primarily on allegedly having received inadequate and incompetent medical treatment at Shasta County Medical Facility, having to endure intolerable conditions at Trinity County Jail, and receiving physical abuse in an altercation occurring during a hearing before the Honorable John K. Letton