

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-30-2008

# Jerry Hurst v. Rehoboth Beach

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3776

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Jerry Hurst v. Rehoboth Beach" (2008). *2008 Decisions.* Paper 770.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/770

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 07-3776, 07-3935, 07-4366 & 08-1466
_____

JERRY A. HURST,
                        Appellant

v.

CITY OF REHOBOTH BEACH; KEITH BANKS;
PAUL PARSONS; JAIME RIDDLE;
MICHAEL ARMSTRONG; COLLETTE SUTHERLAND;
BONNIE LADD; ERIC GLASCO; NICOLE REYNOLDS;
JOHN BUSHEY; FRANCES BUCCI; JOHN WOTHERS;
TAMMIE MORRISON; WALTER SPEAKMAN; SUSSEX COUNTY;
SUSSEX CORRECTIONAL INSTITUTION; RICK KEARNEY;
R.N. WHITTLE; DR. BURNS; CORRECTIONAL OFFICER;
P. HARRISON; B.A. GUNTER; HUBERT PEY;
ATLANTIC SANDS HOTEL AND CONFERENCE CENTER;
RICK PEREZ; SEAN MILLER
_____

On Appeal from the United States District Court
for the District of Delaware
D.C. Civil Action No. 03-cv-0362
(Honorable Sue L. Robinson)
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 28, 2008

Before: SCIRICA, Chief Judge, HARDIMAN and COWEN, Circuit Judges

(Filed: July 30, 2008)

_____

OPINION OF THE COURT
_____

PER CURIAM.

Sitting in his room at the Atlantic Sands Hotel in Rehoboth Beach, Delaware, Jerry Hurst needed a massage. So, he called 9-1-1. The police arrived and explained that they did not provide massage services. After they left, Hurst dialed 9-1-1 again, requesting medical personnel instead of the police. When Hurst did not respond to a police dispatcher who remained on the line or to police officers at the door, the police obtained a hotel card key to enter Hurst's room. In the ensuing interaction, the police arrested Hurst. Complaining of his treatment during the police visits and in the course of his arrest, Hurst sued more than twenty defendants for tens of millions of dollars in compensatory and punitive damages for alleged violations of federal and state law.

In groups, the defendants moved to dismiss Hurst's complaint. On April 1, 2005, the District Court granted the motions filed by nine Sussex County defendants,[1] the Sands defendants, defendant Speakman, defendant Wothers, and defendants Banks, Sutherland, Ladd, Glasco, Reynolds, Bushey, and Bucci. On that same day, the District Court denied Hurst's motion to amend, motion to proceed in forma pauperis, request for the entry of default and motion for default judgment, and motion for miscellaneous relief. The

---

[1]As the parties are familiar with the shorthand used by the District Court, we will continue to use it.

2

District Court later denied Hurst's motion for reconsideration of the April 1, 2005 order, and added that the complaint against defendant Morrison was also dismissed. On February 21, 2006, the District Court granted the Sussex Correctional Institution's motion for judgment on the pleadings. On June 16, 2006, the District Court entered a scheduling order for the remaining defendants. On October 20, 2006, after holding a hearing to resolve ongoing discovery disputes, the District Court ordered Hurst to respond to interrogatories. On December 12, 2006, after holding another hearing and weighing the factors set out in Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984), the District Court dismissed Hurst's claims against the remaining defendants. The District Court subsequently denied two motions for reconsideration, another motion to proceed in forma pauperis, and a motion for relief from judgment. Hurst appeals from all these orders in this consolidated case.

We have jurisdiction over this appeal under 28 U.S.C. § 1291.[2] We exercise plenary review over the District Court's rulings on the defendants' motions to dismiss and motion for judgment on the pleadings. See Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996); Leamer v. Fauver, 288 F.3d 532, 535 (3d Cir. 2002). We review the District

_____

[2]We reject Hurst's contention that we lack appellate jurisdiction over his appeal because the District Court rejected his motion for relief from judgment by stating that no judgment was entered in his case because all his claims were dismissed. The District Court has entered a decision that is final as to all parties and causes of action. See Andrew v. United States, 373 U.S. 334, 340 (1963) (citing Collins v. Miller, 252 U.S. 364 (1920)); Mellon Bank, N.A. v. Metro Communications, Inc., 945 F.2d 635, 640 (3d Cir. 1991).

3

Court's orders denying Hurst's motion for default judgment, motions for reconsideration, motions for in forma pauperis status, and motion to amend for abuse of discretion. See Jorden v. Nat'l Guard Bureau, 877 F.2d 245, 250-51 (3d Cir. 1989); Koshatka v. Phila. Newspapers, Inc., 762 F.2d 329, 333 (3d Cir. 1985); Jones v. Zimmerman, 752 F.2d 76, 78 (3d Cir. 1985); Lake v. Arnold, 232 F.3d 360, 373 (3d Cir. 2000). We similarly review the District Court's discovery and scheduling orders for abuse of discretion. See Brumfield v. Sanders, 232 F.3d 376, 380 (3d Cir. 2000); In re Fine Paper Antitrust Litigation, 685 F.2d 810, 817 (3d Cir. 1982). Finally, we evaluate the propriety of the District Court's dismissal of the last remaining defendants through the lens of the Poulis factors, asking also whether the District Court should have considered a less severe sanction. See In re Jewelcor Inc., 11 F.3d 394, 397 (3d Cir. 1993).

The District Court did not abuse its discretion in denying default judgment in Hurst's favor on his claims against some defendants close to the inception of the case. As we have expressed repeatedly, we favor resolutions on the merits. See Jorden, 877 F.2d at 251. Furthermore, the defendants presented litigable defenses, and Hurst did not show how he would be prejudiced by an order denying his motion or that any delay in responding to the complaint was due to culpable conduct. See Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000). In the same order, the District Court denied Hurst's motion to proceed in forma pauperis. The District Court did not abuse its discretion in doing so, because Hurst had already paid the filing fee and effected service on all but one

4

defendant. Hurst did not provide evidentiary support in his motion for miscellaneous relief for his claim that he was entitled to $384.00 in costs for "extraordinary and extensive" costs in effecting service, so the District Court did not abuse its discretion in denying that motion, either.

The District Court also did not abuse its discretion in denying Hurst's first motion to amend his complaint. The District Court could not determine what Hurst wished to allege in an amended complaint from Hurst's arguments that he wished to amend because of supposedly illegally withheld evidence.

The District Court properly dismissed the complaint against defendants Banks, Sutherland, Ladd, Glasco, Reynolds, Bushey, and Bucci for failure to state a claim.[3] Hurst named them in the caption of his complaint in their individual and official capacities as police officers for the City of Rehoboth Beach. However, except for noting that Sutherland returned his property after his release from custody, Hurst did not include any specific factual allegations against them. Similarly, he did not include any allegations against Tammie Morrison, other than to note that she was an EMT, so he did not state a claim against her, either.

---

[3]In addition to arguing that the District Court's ruling in their favor was proper, these defendants/appellees argue that Hurst did not present any arguments specific to them in his informal brief. However, because it appears that Hurst objects to all the rulings he lists in his brief and is certain he stated claims that would entitle him to reinstatement of his lawsuit, we consider the merits of the District Court's decision.

Similarly, the District Court did not err in dismissing the complaint against defendant Speakman. Although Hurst named Speakman, the City Solicitor for the City of Rehoboth Beach, in his official and individual capacities in the caption of the complaint, he did not include any factual allegations against him. Accordingly, Hurst did not state a claim against Speakman.

The District Court properly dismissed the complaint against defendant Wothers for failure to effect service. Hurst filed his complaint in April 2003. Wothers was not yet served by the end of August, when the District Court ordered Hurst to complete the service of process by October 10, 2003. In the end of October, Hurst asked for an extension of a few days so that he could immediately effect service. However, a year and a half later, Hurst still had not effected service on Wothers.

The District Court also properly dismissed the Sands defendants from Hurst's action. In relation to the Sands defendants, Hurst broadly contended in listing his causes of action that the police conspired with them to break-in to his hotel room to seize and abduct him and violate the Constitution. However, Hurst more specifically alleged that his 9-1-1 calls brought the police to the hotel, and that the police obtained his room key from a hotel clerk in order to open his door to respond to the second call. He also alleged that a hotel clerk witnessed the alleged mistreatment by police. With his allegations, he did not plead that the Sands defendants, private parties who are not state actors, willfully participated in a joint conspiracy to deprive him of a constitutional right. See Abbott v.

6

Latshaw, 164 F.3d 141, 147-48 (3d Cir. 1998). Furthermore, Hurst did not include any facts to support his remaining allegation, a legal conclusion that the Sands defendants breached the contract for a rental agreement for the hotel room. The District Court was correct to conclude that Hurst did not state a claim upon which relief can be granted against the Sands defendants.

Furthermore, the District Court did not err in granting the motion for judgment on the pleadings filed by defendant Sussex Correctional Institution of the Delaware Department of Corrections ("Sussex"). The Eleventh Amendment barred Hurst's claims for damages against Sussex, an agency of the state that did not waive its sovereign immunity. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98 (1984); Edelman v. Jordon, 415 U.S. 651, 663 (1974). Although Congress can abrogate a state's sovereign immunity, it did not do so through the enactment of 42 U.S.C. § 1983 or 18 U.S.C. § 242, the federal laws under which Hurst proceeded. See Quern v. Jordan, 440 U.S. 332, 345 (1979).

The District Court did not err in dismissing Sussex County, as well as the Sussex County employees in their official capacity, from the action, either. Hurst based his claim against Sussex County on his assertion that the Sussex Correctional Institution was organized and operated under the laws of Sussex County and/or the State of Delaware. He did not explain how Sussex County, which does not operate the correctional facility, specifically wronged him. The District Court also dismissed the claims against the other

eight Sussex County defendants in their official capacities as "employees or otherwise" with Sussex County because they were not employed by Sussex County and because Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989), barred a damages remedy if they were state employees. The District Court also concluded sua sponte that the suit against them in their personal capacities could not stand because Hurst did not include specific allegations against them. We will not reach the question of whether the basis for the eight Sussex County defendants was proper; we will instead affirm the decision on other grounds. See Erie Telecomms. v. Erie, 853 F.2d 1084, 1089 (3d Cir. 1988).

Namely, the District Court did not err in ultimately dismissing Hurst's case after a balancing of the Poulis factors.[4] To evaluate a dismissal under Poulis, we consider a district court's balancing of "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party . . . was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." Emerson v. Thiel College, 296 F.3d 184, 190 (3d Cir. 2002) (citing Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984)).

Hurst represented himself, so he bore the responsibility for the failures to meet scheduling orders and to respond to discovery requests and comply with a discovery

_____

[4]This ruling serves as alternative basis to affirm all of the District Court's judgment.

8

order.[5]  See Emerson, 296 F.3d at 190.  Hurst's adversaries suffered prejudice as litigation

dragged on and they remained in the dark about the extent of any liability or damages.  As

the District Court noted, they were unable to prepare a defense without information from

discovery.  Hurst had a history of dilatoriness.  His attempts to thwart any efforts at

discovery were ongoing and suggested bad faith.  Some of his objections were frivolous

at best, including his claim that disclosure of information would violate the attorney-client

privilege because he was serving as his own counsel.  Furthermore, even after the District

Court took considerable time to listen to Hurst's concerns at a hearing and rule on many

of his objections, Hurst did not comply with the resulting order.  He continued to obstruct

discovery despite the District Court's warning that he was inviting sanctions.  For

instance, Hurst offered shifting explanations for avoiding his deposition.  Also, a

monetary sanction would not deter Hurst because he had no money to pay the sanction.

For these reasons, and although the District Court could not definitively say Hurst's

claims were without merit, the District Court did not abuse its discretion in ruling that the

Poulis factors weighed in favor of dismissing Hurst's action.

Furthermore, the District Court did not abuse its discretion in denying Hurst's

motions for reconsideration, because a motion for reconsideration should be used "to

correct manifest errors of law or fact or to present newly discovered evidence,"

---

[5]The District Court did not abuse its discretion in issuing the standard scheduling order or the discovery order from which Hurst appeals.

9

see Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), not to restate already rejected arguments, which is what Hurst did.  Also, the District Court did not err in denying Hurst's motion for relief from judgment or motion for leave to proceed in forma pauperis at the end of his District Court case because the proceedings had concluded with the dismissal of his action.

In sum, we will affirm the District Court's judgment.[6]

---

[6]The motion filed by defendants Rehoboth Beach and Speakman that we have construed as a motion to expand the record is denied.  Also, we reject Hurst's mischaracterization of the District Court's respectful treatment of him.  In no way does the record support Hurst's claims of emotional tirades, frantic attempts at fabrication, and other judicial misconduct.