CLD-208                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1791
_____

JERRY A. HURST,
                                                    Appellant,

v.

*BENTON COUNSELMAN; JEFFREY HORVATH;
STEVEN GETEK; WALTER SPEAKMAN; SAMUEL
COOPER; KEITH BANKS; COLLETTE SUTHERLAND;
PAUL PARSONS; JAIME RIDDLE; MICHAEL
ARMSTRONG; BONNIE LADD; ERIC GLASCO; NICOLE
REYNOLDS; JOHN WOTHERS; TAMMIE MORRISON;
MERRILL TRADER; LINDA WHITE; JUSTICE OF
THE PEACE MCKENZIE; RN WHITTLE; HUBERT PEY;
DR. BURNS; P. HARRISON; B.A. GUNTER, M.D.;
VERONICA FAUST; CHRISTINE TUNNEL; KIM
AYVAZIAN; COLIN SHALK; KEVIN CONNORS; DANIEL
GRIFFITH; STUART DROWOS; MICHAEL TUPMAN;
LAURA GERARD; RICK KEARNEY; JAMES LUPINETTI;
MICHAEL TIGUE; BRYAN HURD; SEAN MILLER; RICK
PEREZ, All of the foregoing defendants are sued in their
personal as well as their official or representative capabilities;
CITY OF REHOBOTH BEACH; CITY OF DOVER;
SUSSEX COUNTY CORRECTIONAL INSTITUTION;
CORRECTIONAL MEDICAL SERVICES; THE ATLANTIC
SANDS HOTEL & CONFERENCE CENTER; DOES 1-20

*(Amended as per the Clerk's 05/18/2011 Order)
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civ. No. 1-10-cv-00899)
District Judge: Honorable Gregory M. Sleet
_____

1

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 9, 2011

Before:  RENDELL, FUENTES and SMITH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: July 7, 2011)
_____

OPINION
_____

PER CURIAM

In this, his latest, civil rights action, appellant Jerry Hurst has once again sued numerous city officials, police officers, hotel employees, attorneys, judges, and Delaware Department of Correction ("DOC") employees, claiming that they violated his constitutional rights.  With respect to his arrest and resulting criminal convictions, Hurst alleged that he had obtained exculpatory materials, including internal affairs transcripts and other documents, that would render his convictions void *ab initio*.  Hurst alleged numerous constitutional violations, including abuse of process, false arrest, false imprisonment, malicious prosecution, and deprivation of medical treatment, among other claims.  He sought to invalidate his conviction and to obtain money damages.

Hurst was convicted in February, 2002, following a jury trial, of resisting arrest, falsely reporting an incident, and disorderly conduct.  <u>See</u> <u>Hurst v. State</u>, 832 A.2d 1251 (Del. 2003) (order).  He was sentenced on the resisting arrest conviction to 30 days at Level V, suspended for six months at Level 1 probation.  <u>See</u> <u>id.</u>  His appeal to the

2

Superior Court was dismissed for lack of jurisdiction, and the state supreme court affirmed the judgment of the Superior Court. See id.

In the instant action, the District Court granted Hurst's in forma pauperis application, and, in an order entered on February 28, 2011, dismissed the complaint as malicious under 28 U.S.C. § 1915(e)(2)(B)(i). The District Court further determined that any amendment would be futile. Noting that a complaint is malicious where it is abusive of the judicial process and merely repeats pending or previously litigated claims, see Crisafi v. Holland, 655 F.2d 1305, 1309 (D.C. Cir. 1981); Pittman v. Moore, 980 F.2d 994, (5th Cir. 1993), the District Court reasoned that Hurst's latest action was duplicative of, and related to, the same nucleus of operative facts that formed the basis of his two prior cases, both of which were dismissed as meritless.

Hurst appeals. We have jurisdiction under 28 U.S.C. § 1291. Our Clerk granted him leave to appeal in forma pauperis and advised him that the appeal was subject to summary dismissal under 28 U.S.C. § 1915(e)(2)(B) or summary affirmance under Third Cir. LAR 27.4 and I.O.P. 10.6. He was invited to submit argument in writing, and he has done so.

We will dismiss the appeal as frivolous. We review the District Court's decision to dismiss an in forma pauperis complaint as frivolous or malicious for an abuse of discretion. Denton v. Hernandez, 504 U.S. 25, 33 (1992). An appellant may prosecute his appeal without prepayment of the fees, 28 U.S.C. § 1915(a)(1), but the in forma pauperis statute provides that the Court shall dismiss the appeal at any time if the Court determines that it is "frivolous or malicious," 28 U.S.C. § 1915(e)(2)(B)(i). An appeal is

3

frivolous when it lacks an arguable basis either in law or fact.  Neitzke v. Williams, 490

U.S. 319, 325 (1989).  We conclude that Hurst's appeal is frivolous.

"A court that considers whether an action is malicious must, in accordance with

the definition of the term "malicious," engage in a subjective inquiry into the litigant's

motivations at the time of the filing of the lawsuit to determine whether the action is an

attempt to vex, injure or harass the defendant."  Deutsch v. United States, 67 F.3d 1080,

1086 (3d Cir. 1995).  The District Court properly dismissed Hurst's latest action as

malicious.  Cf. Chipps v. U.S. District Court for Middle District of Pa., 882 F.2d 72 (3d

Cir. 1989) (district court may issue injunction under the All Writs Act, 28 U.S.C. §

1651(a) to require litigants who have engaged in abusive, groundless, and vexatious

litigation to obtain prior court approval before filing further complaints).

Hurst appealed both of his prior actions in this Court.  In Hurst v. Trader, 223 Fed.

Appx. 128 (3d Cir. 2007), we observed that "[t]he allegations in Hurst's complaint

originated with his misdemeanor criminal convictions for one count each of resisting

arrest, falsely reporting an incident, and disorderly conduct (and an imposition of fines

and term of supervision) in the Court of Common Pleas, Sussex County, Delaware."  Id.

at 129.  We described the facts giving rise to his second case, Hurst v. City of Rehoboth

Beach, 288 Fed. Appx. 20 (3d Cir. 2008), as follows:

> Sitting in his room at the Atlantic Sands Hotel in Rehoboth Beach,
> Delaware, Jerry Hurst needed a massage.  So, he called 9-1-1.  The police
> arrived and explained that they did not provide massage services.  After
> they left, Hurst dialed 9-1-1 again, requesting medical personnel instead of
> the police.  When Hurst did not respond to a police dispatcher who
> remained on the line or to police officers at the door, the police obtained a
> hotel card key to enter Hurst's room.  In the ensuing interaction, the police

4

arrested Hurst. Complaining of his treatment during the police visits and in the course of his arrest, Hurst sued more than twenty defendants for tens of millions of dollars in compensatory and punitive damages for alleged violations of federal and state law.

Id. at 22. We went on, in painstaking detail, to explain why each and every claim could not proceed. See id. at 24-26. On February 23, 2009, the United States Supreme Court denied Hurst's motion to proceed in forma pauperis and dismissed his petition for writ of certiorari.

The latter unsuccessful appeal should have brought an end to the litigation surrounding Hurst's 2002 misdemeanor case, but, on October 20, 2010, he returned to federal district court in Delaware to file his third civil rights complaint – the instant action -- against many of the same defendants. We have carefully reviewed this 71-page complaint, and we agree with the District Court that it is duplicative of, and related to, the same nucleus of operative facts as Hurst's two prior, meritless cases. "A complaint plainly abusive of the judicial process is properly typed malicious." Crisafi, 655 F.2d at 1309. The District Court looked to its own records, see Van Meter v. Morgan, 518 F.2d 366, 368 (8th Cir. 1975), and properly determined that Hurst's purpose in filing the third lawsuit was to vex and harass the defendants, see Deutsch, 67 F.3d at 1086. We conclude that the District Court's determination that Hurst's most recent complaint was abusive of the judicial process and thus malicious was not an abuse of discretion. We also agree that

5

any amendment to the complaint would have been futile, <u>see</u> <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962) (district court may deny leave to amend when amendment is futile).[1]

For the foregoing reasons, we will dismiss the appeal as frivolous pursuant to 28 U.S.C.§1915(e)(2)(B)(i).

---

[1] In the margin, the District Court noted that dismissal would also be proper under the <u>Rooker-Feldman</u> doctrine, <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413, (1923); <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462 (1983), and the doctrine of issue preclusion. Because we agree with the District Court that the complaint was malicious under 28 U.S.C. § 1915(e)(2)(B)(i), we need not reach the court's other bases for decision.